**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana F. Matura
510 Broadhollow Road, Suite 110
Melville, New York 11747
Telephone: (631) 499-9100

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KIM MORRIS, MELISSA ADLIN and JORGE GUADRON**, on behalf of themselves and all others similarly situated,,<br><br>　　　　　　　Plaintiffs,<br><br>　-against-<br><br>**AFFINITY HEALTH PLAN, INC.**,<br><br>　　　　　　　Defendant. | No. 09 Civ. 1932 (ALC) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARD**

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 1

III. ARGUMENT ..................................................................................................................... 2

  A. The Service Award that Class Representative Guadron Requests Is Reasonable and Should Be Approved .................................................................................................. 2

    1. The Class Representative Assumed Significant Risks as a Named Plaintiff ................... 3

    2. The Class Representative Expended Significant Time and Effort ................................. 5

    3. The Ultimate Recovery Supports the Requested Service Award .................................... 6

IV. CONCLUSION .................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bowens v. Atl. Maint. Corp.*,
   546 F. Supp. 2d 55 (E.D.N.Y. 2008) ...................................................................................2

*deMunecas v. Bold Food, LLC*,
   No. 09 Civ. 440, 2010 WL 3322580 (S.D.N.Y. Aug. 23, 2010) ..........................................3, 5

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005).........................................................................................3, 4, 5

*Khait v. Whirlpool Corp.*,
   No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ........................................3, 5, 6

*Martens v. Smith Barney, Inc.*,
   190 F.R.D. 134 (S.D.N.Y. Dec. 2, 1999)...............................................................................1

*Matheson v. T-Bone Rest., LLC*,
   No. 09 Civ. 4214, 2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011)..............................................6

*Mentor v. Imperial Parking Sys., Inc.*,
   No. 05 Civ. 7993, 2010 WL 5129068 (S.D.N.Y. Dec. 15, 2010)..............................................5

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*,
   No. 08 Civ. 7670, 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) ..........................................3, 5, 6

*Reyes v. Altamarea Grp., LLC*,
   No. 10 Civ. 6451, 2011 WL 4599822 (S.D.N.Y. Aug. 16, 2011) ........................................3, 4

*Roberts v. Texaco, Inc.*,
   979 F. Supp. 185 (S.D.N.Y. 1997) ........................................................................................3

*Silberblatt v. Morgan Stanley*,
   524 F. Supp. 2d 425 (S.D.N.Y. 2007)...................................................................................4

*Torres v. Gristede's Operating Corp.*,
   Nos. 04 Civ. 3316, 08 Civ. 8531, 08 Civ. 9627,
   2010 WL 5507892 (S.D.N.Y. Dec. 21, 2010) .......................................................................4

*Velez v. Majik Cleaning Serv.*,
   No. 03 Civ. 8698, 2007 WL 7232783 (S.D.N.Y. June 22, 2007).........................................2, 4

*White v. Experian Info. Solutions, Inc.*,
   803 F. Supp. 2d 1086 (C.D. Cal. 2011) ................................................................................1

*Willix v. Healthfirst, Inc.*,
   No. 07 Civ. 1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011).................................................4

**OTHER AUTHORITIES**

Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive
   Payments to Named Plaintiffs in Employment Discrimination Class Actions*,
   Employee Rights and Employment Policy Journal, Vol. 10, page 395 (2006) ..........................3

## I. INTRODUCTION

In connection with Plaintiff's Motion for Certification of the Settlement Class and Final Approval of the Class Action Settlement,[1] Plaintiff respectfully moves this Court for an order approving service awards for Class Representative Jorge Guadron in the amount of $7,500, in recognition of the services he rendered on behalf of the class.[2] This service award is reasonable in light of the time and effort he expended in furtherance of the class investigation and settlement and the risks he endured in order to vindicate his rights and the rights of absent class members.

## II. FACTUAL BACKGROUND

Class Representative Guadron has made important contributions to the prosecution and fair resolution of this action on behalf of the class members. He assisted Class Counsel's investigation and prosecution of their claims by providing detailed factual information regarding Defendant's alleged policy of knowingly requiring Marketing Representative and Marketing Specialists to work off-the-clock in excess of 40 hours per workweek without overtime compensation. *See* Decl. of Troy L. Kessler ("Kessler Decl.") ¶ 146; Decl. of Jorge Guadron ("Guadron Decl.") ¶ 46. Throughout the litigation, Class Representative Guadron regularly communicated with Class Counsel and supported the litigation by producing relevant documents,

---

[1] For a detailed account of the factual and procedural background of this case, Plaintiff refers the Court to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval and the supporting Declaration of Troy L. Kessler.

[2] Plaintiff does not seek a service award for former Named Plaintiff Melissa Adlin, who has opted out of the settlement and is no longer part of the case. *See Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 139-40 (S.D.N.Y. Dec. 2, 1999) ("[N]amed plaintiffs . . . who opt out of a settlement no longer remain in the class in any capacity."). Plaintiff also does not seek a service award for Named Plaintiff Kim Morris, who has retained new counsel and has objected to the settlement. *See White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086, 1112 (C.D. Cal. 2011) (noting that service awards for objecting plaintiffs should have been sought by objecting plaintiffs' counsel, and refusing to grant them service awards that they did not request). Plaintiff would not object to a service award for Objector Morris, if she were to make such an application, but notes that her counsel have not sought such an award on her behalf.

referring putative class members to Class Counsel, preparing and sitting for a deposition, assisting Class Counsel in its preparation for the depositions of Defendant's supervisors, participating in the mediation, and reviewing the terms of the Settlement Agreement. Kessler Decl. ¶ 147; Guadron Decl. ¶¶ 26-28. In addition, Class Representative Guadron initiated this lawsuit and sustained significant risk to finding future employment in the New York healthcare industry by initiating the lawsuit and/or prosecuting it. Kessler Decl. ¶ 145.

The Court-approved Notice that was sent to Class Members informed them of the service award that Class Representative Guadron now asks the Court to approve. Kessler Decl., Ex. JJ (Notice) ¶ G(3). No Class Member has objected to the service awards. *Id.* ¶ 149.

### III. ARGUMENT

#### A. The Service Award that Class Representative Guadron Requests Is Reasonable and Should Be Approved

The service award that Class Representative Guadron requests is reasonable given the efforts and risk that he took on, as well as the significant contributions that he made to advance the prosecution and resolution of the lawsuit. Courts acknowledge that class representatives play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers. *See, e.g., Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 80 (E.D.N.Y. 2008) (recognizing the important role class representatives play in "enabling plaintiffs to redress wrongs . . . [w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages") (internal citations and quotation marks omitted); *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-

workers.") (internal quotation marks omitted); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006).

Accordingly, "[i]ncentive awards are not uncommon in class action cases and are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (approving award of over $10,000 to class representative); *see also Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *9 (S.D.N.Y. Aug. 16, 2011) (approving award of $15,000 each for three named plaintiffs and $5,000 for fourth); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *10 (S.D.N.Y. Aug. 23, 2010) (approving award of $5,000 each to five class representatives); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (approving service awards of $15,000 and $10,000 in wage and hour class action) (Carter, Mag.). In examining the reasonableness of a requested service award, courts consider: (1) the personal risk incurred by the named plaintiffs; (2) the time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights. *Frank*, 228 F.R.D. at 187; *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997).

1. **The Class Representative Assumed Significant Risks as a Named Plaintiff**

In assessing the reasonableness of service awards, courts consider the risks the named plaintiffs assumed in serving as class representatives. *See Frank*, 228 F.R.D. at 187; *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010) ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts"). In the employment context, where workers are often blacklisted if they are considered

3

"trouble makers," class representatives are particularly vulnerable to retaliation. *See Frank*, 228 F.R.D. at 187; *see also Velez*, 2007 WL 7232783, at *7 (observing that by serving as class representatives, the plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers"); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded").

Even where there is not a record of actual retaliation, class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded"). Here, although he was a former employee of Defendant, Class Representative Guadron risked being blacklisted in the New York healthcare industry as a "problem" employee. *See Silberblatt*, 524 F. Supp. 2d at 435 (recognizing that former employees face risks to their future employability when they serve as named plaintiffs).

Courts routinely approve service awards similar to that requested here in wage and hour class and collective actions. *See Reyes*, 2011 WL 4599822, at *9 (approving total service awards of $50,000 in wage and hour action under FLSA and NYLL); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving service awards of $30,000, $15,000, and $7,500 in wage and hour action under FLSA and NYLL); *Torres v. Gristede's Operating Corp.*, Nos. 04 Civ. 3316, 08 Civ. 8531, & 08 Civ. 9627, 2010 WL 5507892, at *7 (S.D.N.Y. Dec. 21, 2010) (approving service awards of $15,000 each in FLSA

and NYLL overtime action); *Mentor v. Imperial Parking Sys., Inc.*, No. 05 Civ. 7993, 2010 WL 5129068, at *1-2 (S.D.N.Y. Dec. 15, 2010) (upholding $40,000 and $15,000 service awards in FLSA and NYLL wage and hour action); *Khait*, 2010 WL 2025106, at *9 (approving service awards of $15,000 and $10,000 in wage and hour class action).

### 2.      The Class Representative Expended Significant Time and Effort

Class Representative Guadron should be awarded a service award for the significant work he undertook on behalf of the class. Courts recognize the important factual knowledge that class representatives bring to employment class actions, including information about employer policies and practices that affect wages. *See deMunecas,* 2010 WL 3322580, at *10 (noting the importance of "compensat[ing] plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff"); *Frank*, 228 F.R.D. at 187-88 (recognizing the important role that class representatives play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents). Service awards are also meant to recognize the important role that class representatives play in the prosecution of the litigation and settlement negotiations. *See Parker*, 2010 WL 532960, at *1 (recognizing efforts by class representatives in meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings).

As discussed above, throughout the litigation, Class Representative Guadron assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding Defendant's alleged policy of knowingly requiring Marketing Representative and Marketing Specialists to work off-the-clock in excess of 40 hours per

workweek without overtime compensation. Kessler Decl. ¶¶ 145-47; Guadron Decl. ¶¶46. In addition, he worked with Class Counsel to prepare for his deposition and sat for a one-day deposition. Kessler Decl. ¶¶ 145-47; Guadron Decl. ¶¶ 26-27. He also regularly communicated with Class Counsel and supported the litigation by producing relevant documents, directing putative class members to Class Counsel, participating in the mediation, and reviewing the terms of the settlement. Kessler Decl. ¶¶ 145-47; Guadron Decl. ¶¶ 27, 29, 46. Finally, Class Representative Guadron lent critical support to the settlement in the face of Objector Morris's vociferous objections, provided a supporting declaration, and exposed himself to the possibility of being deposed a second time by Objector's Counsel. Decl. of Justin M. Swartz ("Swartz Decl.") ¶ 22. These efforts support the requested service award. *See Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214, 2011 WL 6268216, at *9 (S.D.N.Y. Dec. 13, 2011) (finding that class representative's exceptional efforts constituted "special circumstances" warranting $45,000 service award).

### 3. The Ultimate Recovery Supports the Requested Service Award

The requested service award amounts to less than 0.5% of the total recovery, which is reasonable in light of the ultimate recovery. *See, e.g.*, *Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery are reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"); *Matheson*, 2011 WL 6268216, at *9 (granting service awards totaling 10% of the settlement fund); *Khait*, 2010 WL 2025106, at *9 (approving service awards totaling 1.9% of the fund).

6

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court approve the request for a service award for Class Representative Guadron in the amount of $7,500.

Dated: Melville, New York
April 3, 2012

        Respectfully submitted,

        **SHULMAN KESSLER LLP**
        By:

        /s/ Troy L. Kessler
        Troy L. Kessler

        **SHULMAN KESSLER LLP**
        Troy L. Kessler
        Marijana F. Matura
        510 Broadhollow Road, Suite 110
        Melville, New York 11747
        Telephone: (631) 499-9100

        *Attorneys for Plaintiff and the Class*

        **OUTTEN & GOLDEN LLP**
        Justin M. Swartz
        Jennifer L. Liu
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone:  (212) 245-1000

        *Attorneys for Plaintiff*